```
              IN THE UNITED STATES DISTRICT
                FOR THE DISTRICT OF NEW JERSEY
```

|                             |                                  |
|-----------------------------|----------------------------------|
| UNITED STATES OF AMERICA,   | HONORABLE JEROME B. SIMANDLE     |
| v.                          | Cr. No. 14-699-12 (JBS)          |
| TEJOHN COOPER,              |                                  |
| Defendant.                  | **ORDER**                        |

This matter came before the Court upon the motion of defendant Tejohn Cooper, filed pro se on December 15, 2017 [Docket Item 526] requesting relief from his judgment of conviction and sentence imposed on September 7, 2017 [Docket Item 505], and further supported by Mr. Cooper's letter to the undersigned dated January 10, 2018, received February 6, 2018 in chambers, of which Defendant Cooper failed to file an original with the Clerk of Court and to send a copy to the United States Attorney's Office[1]; and

Defendant Cooper pleaded guilty to Counts Five & Six of the Superseding Indictment, each charging use of a communications device to facilitate drug trafficking in violation of 21 U.S.C. § 843(b), for which he was sentenced on September 7, 2017 to the custody of the United States Bureau of Prisons to be imprisoned for a term of 48 months on each of Counts Five and Six of the

---

[1] The Court has nonetheless directed the Clerk to docket Mr. Cooper's letter of January 10, 2018, and it now appears at Docket Item 546.

Superseding Indictment, both counts to be served consecutively for a total sentence of 96 months, and to terms of supervised release of one year on each of the Counts Five and Six of the Superseding Indictment, all terms to run concurrently, for a total of one year of supervised release. (Judgment of Conviction, Docket Item 505, filed September 12, 2017.)

It appears that Mr. Cooper seeks to correct the sentence for an arithmetical error, alleging that his terms of imprisonment should have been made concurrently rather than consecutively [Docket Item 526 at p.1], and also arguing that a sentence on multiple counts in which terms of imprisonment run consecutively but terms of supervised release run concurrently is a legal impossibility, that is, he argues that a sentence cannot run both consecutively and concurrently [Docket Item 546]; and

Defendant's motion to correct an arithmetical error arises under Rule 35(a), Fed. R. Crim. P., which provides:

> Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Under Rule 35(c), the date for "sentencing" is the date of oral announcement of the sentence, in this case September 7, 2017. The 14-day period expired on September 21, 2017. Defendant's pro se letter was not submitted until December 15, 2017, almost three months out of time.

More importantly, this Court would lack jurisdiction to hear Defendant's application even if it were otherwise timely because Defendant filed a Notice of Appeal on September 13, 2017 [Docket Item 506], divesting this Court of jurisdiction.

Under Rule 37(a), Fed. R. Crim. P., "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Here, Rule 37(a) does not apply because Defendant's motion for correction of the sentence was not "timely." Thus, the pendency of appeal also bars adjudication of Defendant's application.[2]

WHEREFORE, IT IS this __1st__ day of **May**, **2018** hereby

**ORDERED** that Defendant's pro se motion requesting relief from his judgment of conviction [Docket Item 526] shall be, and it hereby is, DISMISSED.

                                  **s/ Jerome B. Simandle**
                                  JEROME B. SIMANDLE
                                  U.S. District Judge

---

[2] By mention of Rule 37(a), Fed. R. Crim. P., the court does not imply that Defendant's underlying motion has merit or presents a substantial question.