**[Dkt. No. 709]**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**Camden Vicinage**

---------------------------------------------

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
|  | : |
| v. | : Crim. No. 14-699-12 (RMB) |
|  | : |
| TEJOHN COOPER | : **OPINION** |

---------------------------------------------

    This matter comes before the Court upon Defendant Tejohn Cooper's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). Defendant Cooper is currently serving his sentence at Allenwood Medium Prison in Allenwood, Pennsylvania, with a projected release date of January 9, 2022.[1] The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

    On September 7, 2016, Mr. Cooper pled guilty to two counts of using a telephone to further a drug offense in violation of 21 U.S.C. § 843(b). The Court sentenced Defendant to 48 months of imprisonment on each count to be served consecutively.

---

[1] According to the Defendant, he is participating in the Residential Drug Abuse Program which provides for a sentence reduction of up to one year, see 18 U.S.C. § 3621(e)(2)(B), and as a result he is currently scheduled for release to a halfway house on April 13, 2021.

1

In support of his Motion, Defendant submits that he suffers from a history of hypertension and he is overweight.  According to BOP records, he had a BMI of 27.1 on April 27, 2020, which, he contends falls into the CDC's definition of overweight.  A combination of hypertension and an overweight disorder increases his risk of serious illness should he become infected with COVID-19, Cooper contends.

The Government responds that Defendant does not satisfy the "extraordinary and compelling" standard for release.  It also has introduced evidence of the measures that the Bureau of Prisons has taken to prevent the spread of the coronavirus.  It is set forth at length in the Government's Response.  See Govt. Opp., Dkt. No. 717, at 6-11

## DISCUSSION

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence.  The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the
> Bureau of Prisons, or upon motion of the defendant
> after the defendant has fully exhausted all
> administrative rights to appeal a failure of the
> Bureau of Prisons to bring a motion on the defendant's

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction. . .

18 U.S.C. § 3582(c) (emphasis added).  As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020).  This is a statutory requirement that this Court may not waive.  See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

There is no disagreement that Defendant has exhausted his administrative remedies. United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). The Court, thus, turns to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the

reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[2]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

> (I)  suffering from a serious physical or medical condition,
>
> (II)  suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the

---

[2] The policy statement refers only to motions filed by the BOP Director.  That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012).  In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

> environment of a correctional facility and from
> which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. Id. § 1B1.13, cmt. n.1(B)-(C).  The note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." Id. § 1B1.13, cmt. n.1(D).

Here, Defendant does not have any present medical issues that demonstrate he faces serious medical consequences. Although the CDC sets forth conditions that might place him at an increased risk for severe illness, the evidence demonstrates that Defendant is being treated for his hypertension.  Moreover, the record before this Court demonstrates that the BOP's efforts to contain the COVID-19 outbreak at FCI Allenwood Medium have been successful.  When Defendant first filed his motion, he pointed out that there were 121 inmates at the facility who tested positive for the virus.  See Def. Motion, Dkt. No. 721, at 2.  Today, there are 45 reported active cases among inmates.[3] Defendant has not established an "extraordinary and compelling reason" to reduce his sentence.  The Court also finds that he has failed to demonstrate that he merits release under the §

---

[3] www.bopgov/coronavirus (last accessed Dec. 9, 2020).

3553(a) factors.  Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors.  First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a). As recognized by the sentencing Court, Defendant was a career offender who committed "yet another serious crime" by distributing "an enormous quantity of heroin."

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction.  As discussed, the Defendant is no stranger to the criminal justice system.  His life of crime has resulted in multiple felony convictions including for violent assaults and distribution of narcotics.  His criminal history and disregard for the justice system display an individual with violent propensities.  The need to protect the public is paramount here. Moreover, as the Government points out, Defendant's crime was motivated purely by greed.  That he chose to destroy the community with narcotics for his own greed is troubling to this Court.  Although Defendant has submitted letters of support, one which promises employment, the Court's concerns remain.

7

Finally, for similar reasons, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence.  Defendant has already been shown great leniency when he received a sentence far more lenient than his co-defendants.  Thus, granting Defendant an earlier release that is unwarranted would send the wrong message.

The Court does not take lightly Defendant's fear of contracting COVID-19.  Here, however, the BOP is taking measures to contain the spread of COVID-19, and Defendant has not persuaded this Court that there is an extraordinary and compelling reason to reduce his sentence or that he merits release under the §3553(a) factors.

The Motion is therefore DENIED.

s/Renée Marie Bumb_____
RENÉE MARIE BUMB
United States District Judge

Dated: December 9, 2020

8